IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

RICARDO JOSE CORDERO-TORRES, )
)
    Petitioner, ) Criminal Case No. 1:15-cr-00260
) Civil Case No. 1:16-cv-01606
v. )
)
UNITED STATES OF AMERICA, )
)
    Respondent. ) The Honorable Claude M. Hilton
)

## Memorandum Opinion

THIS MATTER comes before the Court on Petitioner Ricardo Jose Cordero's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

On October 28, 2015, Petitioner pleaded guilty in the United States District Court for the Eastern District of Virginia to a one count criminal information charging him with attempted coercion and enticement of an individual, in violation of 18 U.S.C § 2422(a). Petitioner entered into a plea agreement with the United States on October 19, 2015. As part of the plea agreement, the United States agreed to dismiss the indictment of the § 2422(b) charge, allowing Petitioner to plead guilty to a single-count information charge of attempted coercion and enticement of an individual, in violation of 18 U.S.C § 2422(a). The plea agreement greatly benefitted Petitioner as an original

§ 2422(b) offense carries a mandatory minimum term of imprisonment of ten years with a maximum of life. 18 U.S.C. § 2422(b). Petitioner pleaded guilty to § 2422(a), a statute that does not impose a mandatory minimum imprisonment and carries a maximum of twenty years. 18 U.S.C. § 2242(a). In February 2016, the Court sentenced Petitioner to eighty-seven months of imprisonment and five years of supervised release.

In December 2016, Petitioner filed the instant § 2255 motion, raising two main grounds for relief: (1) ineffective assistance of counsel, arguing that his attorney allegedly allowed him to plead guilty while Petitioner was under medication that rendered him incompetent; and (2) procedural competency, asserting that the Court erred by failing to inquire into his mental capacity and medications at the plea hearing. Petitioner does not request the Court set aside his guilty plea but instead requests he be "resentenced to the 'low end' of the guideline." Mem. In sup. of Pet'r's Mot. To Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255, at 7 (Dec.28, 2016)(Dkt. No.48-1)("Pet'r's Mem.").

Under 28 U.S.C. § 2255, a petitioner may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or

2

that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proving the grounds for relief by preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

To prove a claim of ineffective assistance of counsel, Petitioner must show: (1) that his counsel's performance was objectively unreasonable; and (2) that his counsel's deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). An ineffective assistance of counsel claim will fail if petitioner cannot make the required showing of either deficient performance or sufficient prejudice. Id. at 700.

Objective reasonableness is "simply reasonableness under prevailing professional norms" regarding the representation. Id. at 688. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions with reasonable professional judgement. Id. at 689-90; United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004). Review of counsel's performance must be comprehensive and not narrowly limited to counsel's failings in determining whether the presumption of adequate assistance has been overcome, and courts are reluctant to second guess the tactics of trial lawyers. See

3

Strickland, 466 U.S. at 691; Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1997).

Furthermore, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 669. In the context of a guilty plea, petitioner must "demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Id; see also Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner cannot satisfy his burden on any of his ineffective assistance of counsel claims. Petitioner's first claim is that his counsel allowed him to plead guilty while under medication that rendered him incompetent. To succeed on an ineffective assistance of counsel claim, Petitioner must show he was incompetent when he pleaded guilty to satisfy "Strickland's prejudice requirement." United States v. Basham, 789 F.3d 358, 383 (4th Cir. 2001). Without any evidence casting a bona fide doubt as to his competency, Petitioner cannot show his counsel provided deficient performance in failing to investigate the issue.

The only objective evidence Petitioner offer is Dr. Morote's report discussing Petitioner's mental health issues and medication usage. Dr. Morote notes Petitioner's depression and

4

anxiety along with the medications he uses to treat the illnesses, but these facts alone do not suggest incompetence. Dr. Morote also writes that Petitioner's medications were "effective in managing his anxiety and depression . . . that his stream of thought appeared organized and logical . . . and his insight was good and judgement appeared adequate." Id. at 7. These findings undermine Petitioner's claim of incompetency.

Petitioner's statements at the plea hearing further suggest he was competent to plead guilty. Petitioner repeatedly confirmed his competence under oath in response to the Court's questions about his mental illness and medications. Petitioner assured the court he understood the consequences of pleading guilty and confirmed his medications made him "clearer" and "able to function clearly." Id. at 6:17-18. Such "[s]olemn declarations in open court carry a strong presumption of verity," Blackledge v. Allison, 431 U.S. 63, 74 (1997), and bind Petitioner "[a]bsent clear and convincing evidence to the contrary." Walton v. Angelone, 321 F.3d at 462 (4th Cir. 2003). Petitioner's assertions of "diminished mental capacity" in his current papers are insufficient to rebut that presumption. United States v. Reid, 387 F. App'x 352, 354 (4th Cir. 2010); see also United States v. Cohen.

During the plea hearing, the Court determined Petitioner was competent to plead guilty. Petitioner's attorney informed

5

the Court that he did not have "any difficulty in communicating with [Petitioner] about this case and the legal papers," and he thought that Petitioner "understood everything." Petitioner did not challenge this statement and confirmed he was "satisfied with [his] lawyer's services in this case." Id. at 10:3-4. Given that the Court and the Petitioner's attorney had the opportunity to observe Petitioner throughout the hearing, their final determinations of his mental competence are entitled to great weight. See United States v. Hebron, 442 F. App'x 887, 890 (4th Cir. 2011).

Petitioner's only support for his claim of incompetence comes from his assertions on his § 2255 papers. Petitioner writes that he "suffered from mental clouding, was in a narcotized state, and was not in full possession of his mental faculties" when he pleaded guilty. However, such self-serving allegations are insufficient. Maloy v. United States, No.1:11 cr-00258-GBL, 2014 WL 3101820 (E.D. Va. July 7, 2014). Petitioner has failed to prove he was incompetent at the time he pleaded guilty and has therefore failed to prove his attorney provided deficient performance or that he was prejudiced as a result.

Petitioner also claims that his attorney provided ineffective assistance because he failed to confer with Petitioner regarding his appellate options, sentencing options,

6

and felt threatened into taking the plea agreement. These arguments do not constitute infective assistance of counsel.

Even assuming Petitioner's counsel failed to consult with him about an appeal, this does not constitute ineffective assistance of counsel. Attorneys have a constitutional "duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." United States v. Cooper, 617 F.3d 307, 313 (4th Cir. 2010) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)). Petitioner does not claim he demonstrated interest in appealing to his attorney and there is no reason to think a rational defendant in Petitioner's position would appeal. Petitioner waived his appellate rights in the guilty plea reserving only his right to raise ineffective assistance of counsel. Under these circumstances, Petitioner's counsel had no constitutional duty to consult with Petitioner about an appeal. Therefore, Petitioner's ineffective assistance claim is without merit.

Petitioner's claim of ineffective assistance based on his attorney's failure to advise him on alternative sentencing options in § 3553(a) also is meritless. When Petitioner signed the plea agreement, he specifically recognized that he "fully understood all rights with respect to Title 18, Untied States

7

Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in [his] case." Petitioner does not indicate which alternative sentencing options were available to him and therefore cannot establish that his attorney provided deficient performance by failing to advise Petitioner of those options. Petitioner does not establish prejudice arising from the failure of his counsel to advise him on alternative sentencing options. Petitioner does not suggest that he would have proceeded to trial instead of pleading guilty if he received the advice and this omission is fatal to his claim. See Davis v. United States, No. 3:13-cv-688-RJC, (W.D.N.C. Dec.7, 2015). There is also no reasonable basis to think Petitioner would have proceeded to trial as the plea agreement greatly benefited him, avoiding a ten year mandatory minimum and instead receiving a sentence of just over seven years. Thus, Petitioner had failed to meet his burden on his claim of ineffective assistance of counsel.

Petitioner claims his attorney provided ineffective assistance by advising him that he faced ten years imprisonment if he did not enter the plea agreement. If his attorney did offer the advice of "take the plea as given or get ten years," this advice was objectively reasonable and did not prejudice Petitioner. The record undermines the Petitioner's perception of this advice as a "threat" that left him "no other choice or

alternatives." At the plea hearing, Petitioner under oath denied "anyone threatened [him] or forced [him] to plead guilty" and he acknowledged he was "pleading guilty freely and voluntarily." Thus, Petitioner fails to meet the burden on his claim of ineffective assistance of counsel.

Petitioner's final claim is that the court did not adequately inquire into his mental competency before accepting his guilty plea. However, the plea hearing transcript refutes this claim as the Court conducted a thorough inquiry into Petitioner's mental health and medications. The Court then followed up with the Petitioner's attorney who confirmed Petitioner was competent. No "red flags" or "bona fide doubts" were raised at the hearing and therefore no need for the Court to reject the guilty plea and conduct a hearing. See Walton, 321 F.3d at 459. Petitioner's procedural competency claim is therefore meritless.

For the foregoing reasons, this Court finds that all of the grounds Petitioner argues for granting his § 2255 motion lack merit. Therefore, Petitioner's motion is DENIED.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August 11, 2017

9